# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| URSULA JOHNSON O/B/O B.M.L., | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. 3:06-CV-71 (CDL) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |

## REPORT AND RECOMMENDATION

Plaintiff, Ursula Johnson on behalf of her minor daughter Brianna Lee, filed an application for Child's Supplemental Security Income on May 7, 2002, due to behavioral problems. (R-8, p. 3). The application was denied initially and after reconsideration. Plaintiff timely filed a request for an administrative hearing, which was held before the Administrative Law Judge (ALJ) on May 13, 2004. (T-276-316). On August 18, 2004, the ALJ found that Claimant was not disabled. (T-16-23). Plaintiff filed a request for review of the ALJ's decision. On June 23, 2006, the Appeals Council denied review. (T-4-6). Plaintiff contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were

applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

    The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*. The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

    To assess functional equivalence to a listed impairment, the ALJ must evaluate the level of the claimant child's ability to function in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). If the child has "marked" limitations in two domains, or an "extreme" limitation in one domain, the child's impairment is the functional

---

[1] Credibility determinations are also left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).

equivalent of the impairments listed in the Federal Regulations. 20 C.F.R. § 416.926a(a). A limitation is "marked" when the child's impairment or impairments seriously interfere with his ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). When measured by standardized testing, a marked limitation is generally indicated by scores "at least two, but less than three, standard deviations below the mean." *Id.* An "extreme" limitation causes very serious interference with the child's ability to independently initiate, sustain or complete activities and is usually associated with standardized "test scores that are at least three standard deviations below the mean." *Id.* § 416.926a(e)(3)(I).

## DISCUSSION

Plaintiff, Ursula Johnson is the mother of Brianna Lee (hereinafter "Claimant"). Claimant was born on July 22, 1994. (R-8, p. 3). Plaintiff alleges that the Claimant is disabled due to attention deficit disorder. In his decision, the ALJ determined that Claimant had behavior problems, allergies, depression, and a probable learning disorder in arithmetic, all impairments which he found to be severe. (T-23). The ALJ found, however, that although Claimant's impairments were severe, that they did not, singly or in combination, meet any of the Listings found in Part B of Appendix I to Subpart P, Part 404, Title 20 of the Regulations. *Id.* at 24.

The sole issue for determination in this case is whether the ALJ erred in failing to give substantial weight to one of Claimant's treating physicians, Dr. Matt E. Butryn, a clinical

3

neuropsychologist. (R-8, p. 5). Plaintiff cites *MacGregor v. Bowen*, which held that an ALJ must "clearly articulate the reasons for giving less weight to the opinion of a treating physician" to argue that the ALJ's failure to do so requires remand. *See MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). In his Reply Brief, the Commissioner argues that although the ALJ did not specifically reject Dr. Butryn's findings, the court is able to glean from the ALJ's decision his reasoning for failing to accept Dr. Butryn's opinion. The Commissioner, therefore, contends that, at most, the ALJ's actions amount to nothing more than harmless error.

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating sources' opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with the other "substantial evidence" of record. *Id.*

4

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon; the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. 404.1527(a); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he or she finds the claimant disabled or that he finds that the claimant's impairments meet or equal any relevant Listing. 20 C.F.R. §416.927(e)(1), (2)& (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions, . . . but are, instead, opinions on issues reserved for the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination of disability." 20 C.F.R. 404.1527(e); *see* SSR 96-5p.

With regard to Dr. Butryn's opinion, Claimant argues that the physician's opinion was erroneously dismissed by the ALJ in his findings. She argues that although the ALJ discussed Dr. Butryn's opinions, he failed to state why he did not give them substantial

5

weight. (R-8, p. 6). The record reveals that the ALJ discussed Claimant's medical records, along with the records provided by Dr. Butryn, but fails to show that the ALJ specifically rejected those opinions. The court finds, however, that the administrative decision affords the court enough information to determine what the ALJ's ultimate findings were as to the opinions of Dr. Butryn. Furthermore, the Eleventh Circuit has held that where "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *See Mills v. Astrue,* 226 Fed. Appx. 926, 931 (11th Cir. 2007); *citing Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir.1983). As such, it is found that the ALJ did not commit reversible error in failing to specifically reject the opinions of one of Claimant's treating physicians.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Plaintiff's contention that the ALJ failed to properly evaluate the evidence of record. This Court finds that the decision of the ALJ is supported by substantial evidence. Furthermore, the record fails to reveal evidence of the ALJ acting outside of his judicial role in making the required determinations.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 30th day of October, 2007.

                                                      S/ G. MALLON FAIRCLOTH
                                                     UNITED STATES MAGISTRATE JUDGE

eSw